UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MAYELIN DE LOS SANTOS,

                              Plaintiffs,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/30/2021

No. 18-cv-2113 (NSR)
**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mayelin De Los Santos ("Plaintiff") commenced this action, pursuant to 42 U.S.C.
§ 405(g), challenging the administrative decision of the Commissioner of Social Security ("the
Commissioner"), which denied Plaintiff's applications for Supplemental Social Security Disability
Benefits and Supplemental Security Income payments, finding Plaintiff not disabled under the
Social Security Act (the "Act").  By Stipulation and Older, dated November 1, 2018, the parties
consented to remanding the matter back to Social Security Administration ("SSA") for further
proceedings. (ECF No. 18.)  By Notice of Motion, dated January 12, 2020, Plaintiff moved for
attorney's fees awarding fees under 42 U.S.C. § 406(b)(1).  (ECF No. 22.)  The motion was
unopposed and earlier, the parties had stipulated to the payment of certain attorneys' fees.  (ECF
No. 21.) Subsequently, Plaintiff filed an Amended Motion for Attorneys' fees.  (ECF No. 31.)  The
Court referred this case to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. §
636(b) and Federal Rule of Civil Procedure 72(b), for all purposes, including to issue a Report and
Recommendation ("R & R") on Plaintiffs motion.  (ECF No. 8).  Now before the Court is MJ
Smith's R & R, recommending that the Court GRANT Plaintiff's motion for an award of attorney's
fees.  (ECF No. 36.).  The Parties had until June 1, 2020 to submit objections to the R & R but no

objections were filed.  For the following reasons, the Court adopts MJ Smith's R & R in its entirety and GRANTS Plaintiff's motion for attorney fees.

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

On or about December 16, 2014, Plaintiff sought Social Security Disability Benefits and Supplemental Security Income payments.  On September 7, 2016, Plaintiff subsequently appeared and testified at a video hearing before an Administrative Law Judge ("ALJ").  On May 3, 2017, an ALJ denied Plaintiff's application on the grounds that she was not disabled.  On May 10, 2017, Plaintiff requested a review of the ALJ's determination.  The ALJ's denial decision was upheld on February 2, 2018.

On March 1, 2018, Plaintiff retained Pierre Pierre Law, P.C. to represent her appeal of the denial of Social Security benefits.  The retainer agreement provided that Plaintiff may apply for fees from the district court pursuant to 42 USC § 406 not to exceed 25% of the past-due due benefits owed to Plaintiff. Pierre Pierre Law, P.C. provided legal services to Plaintiff in pursuing her rights to benefits before the District Court.

On March 8, 2018, Plaintiff, represented by counsel, commenced the instant action seeking to review the SSA's final determination denying Plaintiff benefits.  On July 20, 2018, Plaintiff filed a motion for judgment on the pleadings.  Subsequently, on November 1, 2019, a Stipulation and Order was entered and signed by the Court reversing and remanding the action for further administrative proceedings.  The Court entered an order of judgment remanding the matter.  By stipulation, dated November 29, 2018, the parties agreed that Defendant would pay Plaintiff attorneys' fees totaling $8,031.20.

2

On remand to the SSA, Plaintiff was awarded social security disability benefits.  The SSA issued a Notice of Award to Plaintiff on March 8, 2020 and stated that the SSA was withholding $14,909 of the award for attorneys' fees.

On January 12, 2020, Plaintiff filed a premature motion for attorneys' fees (ECF No. 22), withdrew that motion, and then filed the instant motion on April 5, 2020 seeking an award of 25% of the past-due benefits awarded to Plaintiff.  Twenty-five percent of Plaintiff's past due recovery amounts to $14,909.00.  Plaintiff's counsel was previously awarded $8,031.20 in legal fees.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court.  *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B).  In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1).  Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3).  However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Wilds v. United Parcel Serv., Inc.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir.

1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.")).

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); United States v. Mate Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).  In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies."  *Diaz v. Girdich*, No. 04-cv-5061, 2007 WL 187677, at *1, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted).  But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error."  *Harris v. Burge*, No. 04-cv-5Q66, 2008 WL 772568, at *6, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008).  The distinction turns on whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument."  *Singleton v. Davis*, No. 03-cv-1446, 2007 WL 152136, at *1, 2007 U.S. Dist. LEXIS 3958 at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R.  Thus, the Court reviews the R & R for clear error.

## I.        Timeliness of Motion

Pursuant to *Sinkler v. Berryhill*, the 14-day filing period set forth in Fed. R. Civ. P. 54(d)(2)(B) applies to attorneys' fee applications, such as the instant one, and the 14-day filing period is subject to equitable tolling.  932 F.3d 83, 85 (2d Cir. 2019).  Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i) a motion for attorneys' fees must "be filed no later than 14 days after the entry of

judgment" but the Rule expressly affords courts discretion in their enforcement of the deadline insofar as the 14-day clock applies "[u]nless a statute or a court order provides otherwise."  The fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation.  *Sinkler*, 932 F.3d at 91.  Nonetheless, the *Sinkler* court emphasized in its holding that, despite the applicability of Rule 54, "district courts are empowered to enlarge [the 14-day] filing period where circumstances warrant."  *Id.* at 89.

In the instant case, although the motion for attorneys' fees was filed approximately 11 days after the fourteen-day filing period had expired, the Court concludes that "circumstances warrant" enlarging the applicable filing period to afford Plaintiff's counsel an opportunity to seek fees.  The Notice of Award was issued on March 8, 2020.  In the weeks following the issuance of the award, the Coronavirus-2019 Pandemic ravaged New York State and led to, among other things, the issuance of an executive order that restricted Plaintiff's counsel from working outside of his home.  Due to the significant and understandable disruptions experienced by Plaintiff's counsel during the 14-day filing period, the Court *nunc pro tunc*, extends Plaintiff's deadline to file a motion for attorneys' fees until April 5, 2020, and thus considers the instant motion timely.

## II.        Reasonableness of Attorneys' Fees

A claimant may be entitled to attorney fees pursuant to the Act, 42 U.S.C. § 406(b).  *Salvo v. Comm'r of Soc. Sec.*, 751 F.Supp.2d 666, 668 (S.D.N.Y. 2010).   In particular, the Act provides that a claimant, who is represented by counsel, is entitled to reasonable attorney fees, not to exceed 25% of the past-due benefits claimant is entitled to, upon entry of a favorable judgment. 42 USC § 406(b)(1)(A).  In the determining whether to award legal fees, the courts first look to the retainer agreement and then test the agreement for reasonableness.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 808, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002).  In her R & R, MJ Smith, considered all relevant factors including: (1) whether the contingency fee agreement was capped at 25%, as required by

5

statute, (2) whether there was any indicia of fraud or overreaching in making the agreement, and (3) whether the requested amount is so large as to be a windfall to the attorney.  Moreover, Defendant did not object to the reasonableness of the fees requested.  Accordingly, the Court adopts the R & R in its entirety and determines that counsel is entitled to recover $14,909.00, representing 25% of the past-due benefits awarded to Plaintiff as reasonable attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Plaintiff's counsel is entitled to recover $14,909.00, as reasonable attorney's fees.  Said funds are to be made payable to the Pierre Pierre Law, P.C. The Court directs Plaintiff's counsel to refund the amount of $8,031.20, previously awarded as attorney's fees, to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion at ECF Nos. 22 and 31 and to terminate the action.


Dated: September 30, 2021                              SO ORDERED:
       White Plains, New York

                                          _____
                                                NELSON S. ROMÁN
                                          United States District Judge